**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In Re: | ) | **Chapter 11** |
| | ) | |
| **MOUNTAIN PHOENIX, LLC,** | ) | **CASE NO. 20-71358-JWC** |
| | ) | |
| Debtor. | ) | |
| ———————————————— | ) | |
| | ) | |
| **TRADEPORT ATLANTA, LLC,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | **Contested Matter** |
| vs. | ) | |
| | ) | |
| **MOUNTAIN PHOENIX, LLC,** | ) | |
| | ) | |
| Respondent. | ) | |
| ———————————————— | ) | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that Tradeport Atlanta, LLC ("Movant") has filed a Motion for Order Modifying any Automatic Stay and Directing the Clayton County Sheriff to Continue Eviction Proceedings to Permit Landlord to Recapture Certain Leased Premises (the "Motion for Relief from Stay"), and related papers with the Court seeking an order granting Movant (i) relief from any automatic stay and permitting Movant to recapture the Premises by continuing a November 3, 2020 eviction, executing on the Writ of Possession issued August 14, 2020 or through any other procedures authorized by the parties' Lease and state law and to take any other act to regain complete control of the premises located at 4345 International Parkway, Suite 150, Hapeville, Clayton County, Georgia 30354  (but not to enforce or execute upon any monetary judgment with respect to Debtor), (ii) waiving the stay provided in Rule 4001(a)(3), and (iii) granting such other and further relief as the Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the Motion for Relief Stay in Courtroom 1203, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia, at **10:00 A.M. on December 3, 2020**. **Given the current public health crisis, hearings may be telephonic only. Please check the "Important Information Regarding Court Operations During COVID-19 Outbreak" tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone**.

Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or

1

your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing. The address of the Clerk's Office is Clerk, U. S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, Atlanta Georgia 30303. You must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the Motion for Relief from Stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Respectfully submitted this 18th day of November, 2020.

CAIOLA & ROSE, LLC

*/s/ Elizabeth B. Rose*
Elizabeth B. Rose
Georgia Bar No. 558747
elizabeth@caiolarose.com
Kimberly B. Reeves
Georgia Bar No. 333419
kimberly@caiolarose.com

*Attorneys for Tradeport Atlanta, LLC*

125 Clairemont Ave., Suite 240
Decatur, Georgia 30030
(470) 300-1020 phone

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| In Re: | ) | **Chapter 11** |
| | ) | |
| **MOUNTAIN PHOENIX, LLC,** | ) | **CASE NO. 20-71358-JWC** |
| | ) | |
| Debtor. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |
| | ) | |
| **TRADEPORT ATLANTA, LLC,** | ) | |
| | ) | |
| Movant, | ) | |
| | ) | **Contested Matter** |
| vs. | ) | |
| | ) | |
| **MOUNTAIN PHOENIX, LLC,** | ) | |
| | ) | |
| Respondent. | ) | |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

**MOTION TO FOR AN ORDER MODIFYING ANY AUTOMATIC STAY AND**
**DIRECTING THE CLAYTON COUNTY SHERIFF TO CONTINUE**
**EVICTION PROCEEDINGS TO PERMIT LANDLORD**
<u>**TO RECAPTURE CERTAIN LEASED PREMISES**</u>

Tradeport Atlanta, LLC ("Movant" or "Landlord"), pursuant to 11 U.S.C. § 362(d) and

Rule 4001 of the Bankruptcy Rules, hereby moves this Court to grant Movant stay relief and

waiver of Rule 4001(a)(3), to allow Movant to continue the November 3, 2020 eviction and to

retake possession of Movant's real property pursuant to the terms of the parties' lease agreement

or as otherwise permitted by state law (the "Motion"). Movant requests entry of the is order prior

to any administrative dismissal of this matter. In support of this Motion, Movant respectfully

represents as follows:

<u>**INTRODUCTION**</u>

The facts of this case are simple—Movant owns commercial property, and Mountain

Phoenix, LLC ("Debtor" or "Tenant") and Movant entered into a commercial lease for such

1

property.  Debtor failed to make timely and full rental payments almost immediately after signing

the lease; however, most recently, Movant initiated a dispossessory proceeding against Debtor on

**September 17, 2019**. Following Debtor's default on a payment plan memorialized in an October

2019 consent order, the Clayton County Magistrate Court issued a Writ of Possession in favor of

Movant on December 20, 2019.  Thereafter, Debtor has pulled out all the stops to try to avoid the

effect of the Writ, including filing frivolous suits and lodging unperfected appeals in three separate

courts. This bankruptcy filing and this Court is simply the latest in a long and winding road with

no apparent end other than to "squat" in Movant's property without paying rent.  In addition to

frivolous court filings, Debtor has taken full advantage of the delays caused by the COVID-19

pandemic.  Debtor's last payment of any kind was to the registry of the Clayton County Magistrate

Court on February 6, 2020. Meanwhile, Debtor/Tenant has continued to operate and profit off the

use of Movant/Landlord's property by using the premises to house and lease ultra-high-end

vehicles including Bentleys, Porches, Ferraris, and the like.

While Debtor's frivolous and abusive filings have proven quite successful, given the

gridlock in state courts following the pandemic, Movant eventually obtained a second Writ of

Possession on August 14, 2020.  This second Writ of Possession was issued because Georgia law

is crystal clear: to remain in possession of a premises, regardless of what issues may otherwise be

subject to litigation, a tenant ***must timely and fully pay rent***.  Absent timely, complete payment of

rent, in compliance with the lease terms, a landlord is entitled to regain possession of leased

property, while any other issues can remain subject to appeal or other litigation.

After Movant received the long overdue Writ of Possession on August 14, 2020, Debtor

enjoyed yet another delay because the sheriff's office had temporarily halted evictions based on

the pandemic. Finally, on November 3, 2020—eight months and twenty-eight days since

2

Debtor/Tenant last paid anything—Movant was able to schedule the long-awaited eviction. Roughly two-hours into the eviction, after property was placed on the curb and locks were changed at the expense of Movant, Debtor ran to this Court and filed a *pro se* Chapter 11 corporate petition, yet again forestalling Movant's state law rights.

As briefed by the Motion to Dismiss filed by the United States Trustee, this Chapter 11 filing was invalid, as it was signed and filed by the Debtor's "Registered Agent" and not an attorney or any other party with authority.[1]  Nevertheless, out of respect for the automatic stay, Landlord halted the eviction and provided a copy of the newly-minted keys to the Tenant/Debtor so as not to control or interfere with Debtor's property at the premises.  As of the date hereof, this *pro se* corporate chapter 11 case has been pending for 15 days, no schedules have been filed, no filing fee has been paid, and no attorney of record has appeared for the Debtor.  The Tenant/Debtor has counsel. Indeed, Tenant is represented in all of its state court filings. This filing is abusive and was orchestrated for the sole purpose of further delaying the inevitable: Landlord's recapture of its premises. Debtor's plan was to halt the eviction with an intentionally defective filing knowing that the case would quickly be dismissed for technical deficiencies and for lack of counsel.

As set forth below, Movant is entitled to relief from stay because this is a fraudulent *pro se* filing, and because there is a lack of adequate protection as evidenced by the pre-petition issuance of the Writ of Possession, Debtor's pre-petition frivolous litigation and other fraudulent conduct, and the failure to pay any rent for more than eight months.  This last-minute, skeletal, invalid petition should not further stall Movant's immediately available contractual or state law

---

[1] Movant reserves the right to file a motion for sanctions. Upon information and belief, Richard Prosperous Successful, the Debtor's "Registered Agent", knew exactly what he was doing in filing this *pro se* petition in a way that would stop the eviction, yet be subject to dismissal without any prosecution or accountability by Debtor. Such an intentionally defective filing is an abuse of the bankruptcy process. To allow such an outcome makes a mockery of the system.

rights with respect to the leased-premises and the ability to continue the November 3, 2020 eviction.  Accordingly, this Motion seeks an immediate court order modifying the stay to permit Movant to continue the November 3, 2020 eviction, or to retake Landlord's property in any manner permitted by law and/or the parties' lease contract.

## FACTUAL AND PROCEDURAL BACKGROUND

**I.    The Lease and Debtor's Repeated Defaults Thereunder**

1. Movant is the owner of certain real commercial property and improvements located at 4345 International Parkway, Suite 150, Hapeville, Clayton County, Georgia 30354 (the "Premises").

2. Movant and Debtor entered into a certain commercial lease agreement dated February 27, 2019 (the "Lease"). (A true and correct copy of the Lease is attached as Exhibit A and incorporated herein.)

3. The monthly base rental rate is $11,496.25 per month.  In addition to base rent, Debtor also owes common area maintenance (CAM), real estate taxes, management fees, and insurance in the additional amount of $2,958.26, per month.  Thus, Debtor's total monthly rental is $14,454.51 (the "Monthly Rental").  (*See id.* ¶¶ 4, 6.)

4. For all past-due amounts, Debtor owes late fees of 5% and all such amounts accrue interest at the rate of 15%. (*Id.* ¶ 4.)

5. Under the Lease, Tenant was obligated to pay to Landlord monthly base rent and additional rent "in advance, without demand, deduction or set-off . . . on or before the first day of each calendar month." (*Id.*)

6. Despite these clear obligations, Tenant was perpetually in default.   Indeed,

Landlord initiated three dispossessory proceedings in the first six months of the Lease term. [2]

## II.    The Dispossessory Proceedings and Debtor's Subsequent Frivolous Filings

7.    As noted above, Landlord instituted the most recent dispossessory on September 17, 2019 before the Clayton County Magistrate Court (the "September 2019 Dispossessory"). The September 2019 Dispossessory was set for hearing by the Clayton County Magistrate Court on October 7, 2019.

8.    At the hearing, Landlord and Tenant entered into a Consent Judgment, requiring Tenant was to make the following payments to Landlord on the following dates: (i) $18,937.89 on or before October 11, 2019; (ii) $13,961.25, on or before November 11, 2019; and (iii) $13,961.25 on or before December 6, 2019 (the "Consent Judgement").  (A true and correct copy of the Consent Judgment is attached hereto as Exhibit B and incorporated herein.)

9.    In the event of a default, Landlord was entitled to a writ of fi.fa. for any unpaid balance and a writ of possession *instanter*. (*Id.*)

10.    Tenant defaulted on the first payment.  Accordingly, Landlord moved for the default judgment and writ of possession on October 16, 2020.

11.    Already in default, Tenant made a late payment on October 23, 2019. And, on October 24, 2019, Tenant filed a copy of the $18,937.89 cashier's check dated October 23, 2019 into record before the Clayton County Magistrate Court. (A true and correct copy of the October 24, 2019 filing is attached hereto as Exhibit C and incorporated herein.)

---

[2] Landlord instituted the first dispossessory proceeding before the Clayton County Magistrate Court on July 24, 2019, styled as *Tradeport Atlanta, LLC v. Mountain Phoenix, LLC*, Civil Action File No. 2019CM19577 and Landlord instituted the second dispossessory proceeding before the Clayton County Magistrate Court on August 22, 2019, styled as *Tradeport Atlanta, LLC v. Mountain Phoenix, LLC*, Civil Action File No. 2019CM22879.  These prior cases were dismissed without prejudice after Tenant made late rental payments.

12.    The Clayton County Magistrate Court set the motion for entry of the writ of possession and default judgment for hearing on December 20, 2019.

13.    Richard Prosperous Successful, the very same "Registered Agent" who signed the bankruptcy petition, appeared on behalf of the Tenant at the December 20, 2019 hearing.

14.    The Clayton County Magistrate Court found that Movant was entitled to a writ of possession *instanter* based on the undisputed default on the payment terms of the Consent Judgment.[3]

15.    The default was evidenced by ***Tenant/Debtor's*** filing of the late-payment into the record before the Clayton County Magistrate Court, which clearly evidenced a default of the payment terms.

16.    However, in addition to issuing the Writ of Possession based on the undisputed default of the payment terms of the Consent Judgment, the Clayton County Magistrate Court also entered a default based on an additional (and unnecessary) finding that a registered agent is not qualified to represent a tenant in magistrate court.[4]

17.    Thus, for the foregoing reasons, on December 20, 2019, the Clayton County Magistrate Court issued a Writ of Possession. (True and correct copies of the December 20, 2019

---

[3] Landlord did not seek any monetary judgment because, at that stage, the only payment then due had been made, albeit late. The parties' Lease and Georgia law are crystal clear that a commercial lease contract may provide for ***termination of the right of possession** without terminating a commercial tenant's obligation to pay rent*. *See* Ex. A ¶ 24(a), (c). Such provisions have been enforceable under Georgia law for more than thirty years. *See Am. Med. Transp. Grp., Inc. v. Glo-An, Inc.*, 235 Ga. App. 464, 466 (1998); *accord Hardin v. Macon Mall*, 169 Ga. App. 793, 793 (1984).

[4] By statute, fictive entities are not required to retain counsel in Magistrate Court, as they are in other state courts or federal courts. Fictional entities can appear through employees. O.C.G.A. § 15-10-43(i).

Default Judgment on Consent Order and Writ of Possession are attached hereto as combined Exhibit D and incorporated herein.)

18.     On January 17, 2020, Debtor, with the assistance of attorney G. Anthony Hall, filed a Petition for Writ of Certiorari to the Clayton County Superior Court, arguing that the Clayton County Magistrate Court erred in entering the December 20, 2019 Writ of Possession by default because Richard Prosperous Successful was qualified to represent the Tenant/Debtor at the December 20, 2019 Magistrate Court hearing.  (the "Putative Certiorari Proceeding"). (A true and correct copy of the Amended Petition for Writ of Certiorari is attached hereto as Exhibit E and incorporated herein.)

19.     Of course, Tenant/Debtor could not argue that it timely made the payment required under the parties' Consent Judgment, because the late-payment and default was evidenced by the cashier's check Tenant/Debtor filed into the record before the Clayton County Magistrate Court.

20.     At the time Debtor/Tenant filed the Putative Certiorari Proceeding, Debtor/Tenant paid January 2020's rent into the court's registry, *which is required by Georgia law if a tenant wishes to remain in possession of leased premises through the pendency of any sort of appeal*. *See* O.C.G.A. §§ 44-7-56; 44-7-54.

21.     The Putative Certiorari Proceeding was procedurally defective in the following respects: (i) Debtor never obtained an actual writ of certiorari, as required to maintain such an action; (ii) Landlord and defendant-in-certiorari were never served with a writ of certiorari, which is required for proper service of such a proceeding; and (iii) Debtor never obtained the certification from the Magistrate Court judge issuing the order.  As a result of these defects, the Putative Certiorari Proceeding was void. *City of Sandy Springs Bd. of Appeals v. Traton Homes, LLC*, 341 Ga. App. 551, 552, 801 S.E.2d 599, 601–02 (2017).

7

22.    Moreover, there was no legal error to correct as the undisputed evidence, *ie.*, the cashier's check filed by the Tenant/Debtor demonstrated Debtor had defaulted under the terms of the October 17, 2019 Consent Order.

23.    Accordingly, Landlord moved to dismiss the Putative Certiorari Proceeding on or about February 3, 2020. (A true and correct copy of the Motion to Dismiss the Putative Certiorari Proceeding is attached hereto as Exhibit F and incorporated herein.)  Notably, Debtor/Tenant did not even bother to respond to the Motion to Dismiss the Putative Certiorari proceeding within the thirty-days required by Georgia law.

24.    On or about the same date Debtor initiated the Putative Certiorari Proceeding— again with the assistance of attorney Hall—Debtor filed a complaint for "Breach of Contract, Damages, Interlocutory Injunction, Permanent Injunction, and All other Relief" in the Superior Court of Gwinnett County (the "Gwinnett Suit"). (A true and correct of the Complaint initiating the Gwinnett Suit is attached hereto as Exhibit G and incorporated herein.)

25.    In the Gwinnett Suit, Tenant/Debtor sought to enjoin the Clayton County Sheriff from evicting Debtor/Tenant from the Premises, which was clearly authorized by the Writ of Possession issued December 20, 2019.  In addition, Tenant/Debtor sought damages for breach of contract, despite the fact that Debtor/Tenant was the party in breach of the Lease and the Consent Judgment.  Tenant based its request for damages on a completely erroneous premises that Landlord could not collect rent after terminating Tenant/Debtor's right of possession, notwithstanding clear Lease terms and clear controlling law to the contrary. (*See* Ex. A ¶ 24(a), (c).) Indeed, Georgia courts have enforced commercial lease provisions allowing for collection of rent after terminating a tenant's right of possession for more than thirty years. *See Am. Med. Transp. Grp., Inc. v. Glo-*

*An, Inc.*, 235 Ga. App. 464, 466 (1998); *accord Hardin v. Macon Mall*, 169 Ga. App. 793, 793 (1984).

26.    Accordingly, Movant/Landlord moved to dismiss all of the claims. (A true and correct copy of the Motion to Dismiss the Gwinnett Suit is attached hereto was Exhibit H and incorporated herein.)

27.    On or about February 4, 2020, the Gwinnett County Superior Court held a hearing on Debtor/Tenant's request for injunctive relief.  The Gwinnett County Superior Court considered the briefing and the arguments of counsel, and denied Tenant/Debtor's request for injunctive relief and dismissed its equitable claims for relief based on controlling authority and the clear Lease terms (The "Order of Dismissal").  (A true and correct copy of the Order of Dismissal is attached hereto as Exhibit I and incorporated herein.)

28.    Notably, the Order of Dismissal stated in part: "The Complaint is clear that Tenant breached the parties' Consent Order. The Lease provides that Landlord can terminate Tenant's right of possession without terminating Tenant's obligation to pay rent." (*Id.* at 5.)  The court further noted that such lease provisions are enforceable under Georgia law. (*Id.*)

29.    The Gwinnett Superior Court ordered that it would rule on the dismissal of the remaining claims once the matter was fully briefed. (*Id.* at 6.)

30.    Here again, Debtor/Tenant never even bothered to respond to the remaining issues raised in the Motion to Dismiss the Gwinnett Suit.  As a result, that Motion to Dismiss remains unopposed, but pending.

31.    Instead, Debtor/Tenant, with the assistance of attorney Hall, filed a Notice of Appeal of the denial of equitable relief and dismissal of those claims on February 29, 2020.

32.    However, that appeal was also defective.  It was never docketed and sent to the Georgia Court of Appeals because Debtor/Tenant did not bother to pay the appeal fee. Thus, that inchoate appeal constitutes the third court filing.

33.    In the intervening months while the Putative Certiorari Proceeding remained pending, Debtor/Tenant late-paid the February 2020 rent into the court's registry.

34.    ***No further rent payments were made to the court registry or to Movant/Landlord despite Debtor continuing to operate at the Premises***.

35.    As noted earlier, by statute, the rent payments had to be made on or before the first of each month if Tenant/Debtor wished to remain in possession of the Premises during the pendency of the Putative Certiorari Proceeding.

36.    During this same time, Debtor/Tenant's deadline to respond to Landlord/Movant's Motion to Dismiss the Putative Certiorari Proceeding expired on March 9, 2020.

37.    Thus, the Motion to Dismiss the Putative Certiorari Proceeding was also unopposed and ripe for decision after March 9, 2020.[5]

38.    The time-period for Debtor/Tenant to traverse the defendant-in-certiorari's answer had likewise expired.  Debtor/Tenant had never bothered to respond to that filing, either.

## III.    Debtor Takes Advantage of the Pandemic and Resulting Judicial Emergency to Squat

39.    The Clayton County Superior Court was set to hold a hearing on Landlord/Movant's unopposed Motion to Dismiss the Putative Certiorari Proceedings on March 24, 2020.  Before that hearing could take place—but weeks after the March rent was due to the

---

[5] Oddly, on August 10, 2020, months after the response deadline (which accrued in advance of the Georgia Judicial Emergency imposed on March 14, 2020), Debtor/Tenant's counsel, Hall, filed a late opposition Arguing incorrectly and in clear contradiction of controlling authority that the defect is amendable at this late stage. The law is clear, the time period to obtain the writ of certiorari expired January 20, 2020.

court's registry and weeks after the Motion to Dismiss the Putative Certiorari Proceeding was ripe—on March 14, 2020, the Georgia Supreme Court issued a statewide judicial emergency, which suspended all but essential functions.

40.     Thereafter, the Clayton County Superior Court refused to rule on the fully ripe Motion to Dismiss the Putative Certiorari Proceeding, or take any other action, unless Debtor/Tenant would consent to a remote hearing.

41.     Of course, Debtor/Tenant refused to consent to a remote hearing, as the delay allowed Debtor/Tenant to continue to squat in the Premises rent-free as a result of the Clayton County Superior Court's refusal to take action.

**IV.     The Re-Issued Writ of Possession**

42.     Debtor/Tenant continued to squat in the Premises without paying any rent for the months of April, May, and June (again, no rent has been paid since February, while Debtor somehow maintains a stable of luxury vehicles).

43.     As set out above, Georgia law is clear on this issue.  If a tenant wishes to remain in possession of lease premises during an appeal of a writ of possession, the tenant ***must pay rent in accordance with the lease terms.***  O.C.G.A. §§ 44-7-56; 44-7-54; *Vinings Jubilee Partners, Ltd. v. Vinings Dining, Inc.*, 266 Ga. App. 34, 37, 596 S.E.2d 209, 212 (2004) (finding trial court erred in refusing to issue writ of possession where the tenant made a partial payment "based on a good faith estimate").

44.     Georgia law is also clear that when a tenant fails to comply with that statutory requirement the lower court may reissue the writ of possession. *Hyman v. Leathers*, 168 Ga. App. 112, 113, 308 S.E.2d 388, 390 (1983) (noting where the tenant fails to pay rent into court registry as ordered by lower court, lower court can enter order giving landlord immediate right of

possession); *Howington v. W. H. Ferguson & Sons, Inc.*, 147 Ga. App. 636, 637, 249 S.E.2d 687, 689 (1978) (finding trial court was the proper court to issue the writ of possession for non-payment of writ, not appellate court).

45.     Accordingly, Movant/Landlord filed a motion in the Clayton County Magistrate Court (the court that originally issued the December 20, 2019 Writ of Possession) asking that court to reissue the Writ of Possession based Debtor/Tenant's failure to pay any rent during the pendency of its Putative Certiorari Proceeding, in clear violation of Georgia law (the "Motion to Reissue Writ"). (A true and correct copy of the Motion to Reissue Writ is attached hereto as Exhibit J and incorporated herein.)

46.     That motion was filed and served on Debtor/Tenant's attorney, Mr. Hall, on June 5, 2020.

47.     Debtor/Tenant did not respond.

48.     Likely as a result of pandemic-related delays, the Clayton County Magistrate Court did not reissue the Writ of Possession until two months later. On August 14, 2020 the Clayton County Magistrate reissued the Writ of Possession in favor of Movant/Landlord (the "August 14 Writ of Possession"). (A true and correct copy of the August 14 Writ of Possession is attached hereto as Exhibit K and incorporated herein.)

49.     At that stage, however, the Clayton County Sheriff's Department had halted evictions as a result of the pandemic.

50.     Meanwhile, throughout all of these months, Debtor/Tenant continued to operate out the Premises and house its luxury cars there, all without paying any rent whatsoever.

**V.  The Thwarted Eviction and Fraudulent Bankruptcy Filing**

51.     Finally, the long overdue eviction was scheduled to take place on Tuesday,

12

November 3, 2020.

52.     That morning, Landlord/Movant hired a locksmith, a moving crew, and the sheriff to conduct the eviction in accordance with the August 14 Writ of 'Possession and Georgia law.

53.     Roughly two hours into the eviction, Richard Prosperous Successful ran to this Court and filed the skeletal, *pro se* petition for relief as "Registered Agent."

54.     Of course, the Debtor/Tenant has counsel. Mr. Hall is representing Debtor/Tenant is no fewer than three courts. There was no reason to file this *pro se* Chapter 11 unless the intention was solely to abuse the bankruptcy process to halt the in-progress eviction.

55.     In addition, Mr. Successful is no stranger to the bankruptcy process. Upon information and belief, he has had four personal bankruptcies under this prior name, Rico M. Pearson.[6]

56.     The fact that no bankruptcy purpose underpinned this filing is further evidenced by the fact that in the intervening weeks no filing fee has been paid, no schedules have been filed, no list of creditors has been filed, and no counsel has appeared for Debtor, and Debtor has not corrected its other numerous filing deficiencies.

57.     This filing was purposefully orchestrated to result in a swift dismissal without any consequences.

58.     Thus, despite the clear termination of Debtor's possessory interest, Debtor's Chapter 11 filing has temporarily allowed Debtor to again continue its operations at the Premises and remain in possession of the Premises in violation of the parties' lease and Georgia law.

---

[6] These filings are 07-68526-JB; 13-70383-MHM; 13-75819-LRC, and 16-52075-LRC; *see also* Gwinnett Daily Post article advertising Mr. Pearson's name change to Richard Prosperous Successful, attached hereto as Exhibit L and incorporated herein.  Mr. Hall assisted Pearson a/k/a Successful with that name change.

13

59.     Because Debtor's possession of the Premises terminated under Georgia law prior to the Bankruptcy filing, Debtor has no rights to the Premises that it could use in any reorganization effort. In addition, the Debtor's failure to pay any rent for more than eight months and Debtor's conduct in filing unperfected, frivolous appeals, all demonstrate that Movant cannot be adequately protected. Hence, the last-minute filing should not further prejudice Movant's immediately available contractual and state law rights.

60.     Movant should be entitled to obtain this relief and an order in its favor before any administrative dismissal.

## **RELIEF REQUESTED**

61.     This Motion seeks an immediate court order modifying the stay to permit Movant to recapture possession of the Premises by continuing the November 3, 2020 eviction, or by any other remedy available under the Lease, which explicitly includes altering the locks and depriving Debtor of access thereto, as permitted by law.

62.     Such relief is warranted as set forth in more detail below because Debtor has no right to remain in possession the Premises and Movant has been unduly prejudiced and denied its contractual and state law right to expediently regain possession of the Premises.  Through this Motion, Movant does not seek to enforce or execute upon any monetary judgment with respect to Debtor, but only to recapture the Premises by executing upon the August 14 Writ of Possession, continuing the November 3, 2020 eviction, or through any procedures permitted by the Lease and the law.

63.     Prior to the November 3, 2020 petition date, the December 20, 2019 Magistrate Court Judgment and Writ of Possession terminated any possessory rights at the Premises held by the Debtor.  That termination was re-affirmed by the August 14 Writ of Possession.

64.     Debtor never perfected its Putative Certiorari Proceedings and, even if it had, Debtor's right to remain in possession of the Premises during the pendency of that Putative Certiorari  is strictly and unequivocally conditioned upon Debtor's payment of rent as it accrues under the Lease. *See* O.C.G.A. §§ 44-7-54; 44-7-56.

65.      Accordingly, the Clayton County Magistrate Court re-issued the August 14 Writ of Possession, directing the Clayton County Sheriff to evict Debtor from the Premises.  That eviction was well underway when Debtor filed this defective, skeletal, *pro se* petition in this Court.

66.     Debtor's pattern and practice of frivolous court filings and failure to pay any rent whatsoever while continuing to use Movant's Premises to house luxury automobiles, along with Debtor's failure to pay the filing fee of $1,717.00 and Debtor's failure to retain counsel, further evidence that Movant is not adequately protected.

67.     In fact, Debtor owes Movant an outstanding balance well in excess of $150,000.00, exclusive of late fees, interest, and legal fees. In addition, Debtor also owes Movant costs in an amount yet to be determined for the interrupted eviction.

## ARGUMENT AND AUTHORITY

**A.  Immediate stay relief is warranted prior to any administrative dismissal because Movant has a Writ of Possession and Debtor has no right to possess the Premises.**

68.     The automatic stay generally protects all of Debtor's legal and equitable interest in property. 11 U.S.C. §§ 362(a) and 541(a).

69.     Section 362(d)(1) of the Bankruptcy Code provides that the Court shall terminate or otherwise modify the automatic stay "for cause." 11 U.S.C. § 362(d)(1).  The Bankruptcy Code does not, however, define "cause," and, as a result, the decision to lift the automatic stay is to be

determined at the Court's discretion on a case-by-case basis as to what defines adequate protection. *Disciplinary Bd. v. Feingold* (*In re Feingold*), 730 F.3d 1268, 1277 (11th Cir. 2013).

70.    Here, Debtor's refusal to surrender possession of the Premises and the failure to pay rent for nearly a year following the issuance of the December 20, 2019 Magistrate Court Order and the re-issued August 14 Writ of Possession, expose Movant to risk beyond any monetary sum payable post-petition. Accordingly, the stay should be modified to allow Movant to immediately retake possession of the Premises through eviction or lock-out because Movant cannot be adequately protected.

71.    Georgia's Dispossessory Act was designed to provide landlords, such as Movant, with a speedy adjudication on the merits of their claims for possession of property.

72.    Section 44-7-53(b) of the Dispossessory Act states that "[e]very effort should be made by the trial court to expedite a trial of the issues."  In *Queen v. Harrell*, the Georgia Supreme Court stated that "[i]t is the purpose of [the Dispossessory Act] to afford the parties a speedy trial on the merits." 126 Ga. App. 122, 122, 190 S.E.2d 160, 160 (1972).

73.    Debtor took advantage of frivolous filings in three different states courts, the COVID-19 pandemic, and now this Court, to remain in possession of the Premises for eight months without paying any rent whatsoever.

74.    Debtor's fraudulent filing is the latest attempt to interfere with Movant's state law rights by thwarting the already underway eviction.

75.    Debtor's eleventh-hour petition filed with this Court is simply the latest in a series of delay tactics intended (and thus far succeeding) in denying Movant its contractual and state law right to regain possession of the Premises as a result of Debtor's failure to pay rent.

76.     Immediate action is warranted under these circumstances, and this Court should not condone Debtor's efforts to abuse the bankruptcy process to delay and derail what is supposed to be an expedited proceeding.  Instead, this Court should immediately grant stay relief.

77.     Without granting Movant immediate relief, Movant is unduly prejudiced by Debtor's delay tactics.

**B.   Immediate stay relief is warranted because Debtor has no equity in the Premises and Debtor is unable to cure its Pre-petition defaults or fulfill is post-petition obligations.**

78.     Section 362(d)(2) of the Bankruptcy Code provides that the Court shall grant relief from stay if both the debtor has no equity in the property and such property is not necessary to an effective reorganization.

79.     "The burden of proof on the question of a debtor's lack of equity in property lies with the movant." *In re Nittolo*, 11-14070-WHD, 2012 WL 1940577, at *2 (Bankr. N.D. Ga. Mar. 16, 2012) (citing 11 U.S.C. § 362(g)(1)).

80.     The Debtor (or other party opposing the motion) has the burden "as to all other issues in connection with a motion for relief from the automatic stay." *Id.*

81.     As a result of the December 20, 2019 Magistrate Court Order and re-issued August 14 Writ of Possession, Debtor has no possessory rights under the Lease.

82.     The law is clear that an estate has no more rights or interest in a property than the debtor held on the petition date. *Id.* at *3.

83.     Since Debtor lacks any possessory interest in the Property, Debtor has no equity in the Property, and Movant has satisfied its burden of proof with respect to Section 362(d)(2)(A).

84.     Next, Debtor cannot satisfy its burden of proof as to Section 362(d)(2)(B).

85.     Even if Debtor has the legal ability to assume the Lease following the issuance of the December 20, 2019 Magistrate Court Order and re-issued August 14 Writ of Possession, which Movant does not concede, there is no evidence that Debtor could successfully assume the Lease.

86.     As noted earlier, Debtor failed to pay any rent since the February 2020 late-payment into the court's registry.

87.     And, Section 365(b)(1) requires the Debtor to: (1) cure, or provide adequate assurance that the Debtor will promptly cure any default, (2) compensate, or provide adequate assurance that the Debtor will promptly compensate, Movant for the actual pecuniary loss resulting from the default, and (3) to provide adequate assurance of future performance under the lease.  11 U.S.C. § 365(b)(1)(A)-(C).

88.     Here, the Debtor owes Movant an outstanding balance that exceeds $150,000.00, exclusive of late fees, interest, attorneys' fees and costs, as well as the amounts Movant was forced to incur after the eviction had to be halted mid-stream based on Debtor's bankruptcy filing. Thus, there has been no prompt cure of the default and there is no indication that Debtor will have a future ability to perform under the Lease.

89.     Absent stay relief, Movant is unduly prejudiced by Debtor's delay tactics where Debtor has no right to possess the Premises or ability to use the Premises to reorganize.

90.     The Court should award Movant this relief prior to any administrative dismissal of this case.

### **CONCLUSION**

WHEREFORE, Movant respectfully requests entry of the Order: (i) granting Movant relief from the automatic stay and permitting Movant to resume the November 3, 2020 interrupted eviction and recapture the Premises by executing on the August 14 Writ of Possession, or through

any other procedures authorized by the Lease and state law, and to take any other act to regain complete control of the Premises (but not to obtain, enforce or execute upon any monetary judgment with respect to Debtor), (ii) waiving the stay provided in Rule 4001(a)(3), (iii) and this Order should be entered prior to any administrative dismissal; as well as (iv) granting such other and further relief as the Court may deem just and proper.

Respectfully submitted this 18th day of November, 2020.

CAIOLA & ROSE, LLC

*/s/ Elizabeth B. Rose*
Elizabeth B. Rose
Georgia Bar No. 558747
elizabeth@caiolarose.com
Kimberly B. Reeves
Georgia Bar No. 333419
kimberly@caiolarose.com

*Attorneys for Tradeport Atlanta, LLC*

125 Clairemont Ave., Suite 240
Decatur, Georgia 30030
(470) 300-1020 phone

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 18, 2020, I electronically filed the foregoing *Motion for Entry of an Order Granting Modification of the Automatic Stay and Notice of Hearing*, which provided notice to the following parties by the Court's electronic filing system:

> Thomas Wayne Dworschak
> Office of the U. S. Trustee
> Room 362
> 75 Ted Turner Drive, SW
> Atlanta, GA 30303
> (404) 331-4437
> Email: thomas.w.dworschak@usdoj.gov

In addition, I have served a copy of the foregoing by Federal Express overnight to:

Mountain Phoenix, LLC
Suite 150
4345 Int'l Pkwy
Atlanta, GA 30354

Attn: BMW Bank of North America Department
AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

Attn: BMW Financial Services NA, LLC Department
AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

And by USPS Priority Mail to:

Americredit Financial Services, Inc. dba GM Financial
PO Box 183853
Arlington, TX 76096

Respectfully submitted this 18th day of November, 2020.

CAIOLA & ROSE, LLC

*/s/ Elizabeth B. Rose*
Elizabeth B. Rose

20